The opinion of the court was delivered by
Gibson, J.
The direction of the judge was right on all the points but one; and to that one, I will restrict the few remarks that are neces- . sary to explain the ground on which the judgment is to be reversed. Lambert was indebted to Jackson, Jackson to Beat if, and Beatty to Crawford. With a view of paying Jackson’s debt to Beatty, and Beatly’s debt to Cratvford by one operation, the parties agreed to an arrangement, pursuant to which, a judgment which Jackson had obtained against Lambert, was marked to the use of Crawford, and at the same time one of the bonds which Beatty had obtained against Jackson, was delivered up, and a receipt endorsed on another for the excess. Between Jackson and Crawford, there was no other privity whatever, than what arose from the naked circumstance of marking the judgment to Crawford’s use. Lambert either was insolvent at the time or became so afterwards; and the counsel of the defendant requested the judge to charge, that in the absence of fraud and of a warranty by Jackson, the law would not imply a promise on his part. The judge declined to do so, on *168 the .ground, that the question was mixed of law and fact; but said, that generally, where a note, bond, or judgment is transferred, the liability of the endorser or assignor is to be decided by the law, where there is no special agreement; that the transfer is not payment of a pre-existing debt, and does not discharge the debtor, unless the person receiving the security is guilty of laches, or there is an express agreement to accept it in satisfaction at all events. This would be an accurate exposition of the law, in a controversy between Crawford and Beatty; but the judge, in conclusion, said, that if the judgment was good for nothing when it was assigned, then Jackson had not paid his debt to Crawford, and that he would have to pay it still, unless the jury should find an express agreement by Crawford to accept of the transfer as an unqualified satisfaction of his debt from Beatty. Now, this was putting Jacté-son precisely in the place of Beatty, and rendering him liable for Beatty’s debt, without a spark of evidence of his having agreed to become so. Nothing is more clear, than that this equitable assignment, without fraud or an express warranty, did not render Jackson liable on the contract of assignment, notwithstanding it may have been no discharge of his debt to Beatty. But the judge assumed the existence of a debt from Jackson to Crawford, on the ground, it would seem, of a promise arising by implication of law, out of the contract of assignment; whereas Crawford could have recourse to no one but Beatty, and that too, not on the contract of assignment, but for his original debt, which might, under circumstances, still be considered as owing, by reason of the failure of the means of payment, which had been put into his hands to discharge it; and Beatty might, on the same grounds, afterwards have recourse to Jackson. This would unquestionably have been the order of liability between the parties, if the judgment had been assigned by Jackson to Beatty, and by Beatty to Crawford, in payment of their respective debts, instead of having been assigned to Crawford in the first instance. But it is not the less assigned in discharge of the debt to Beatty, in consequence of its having been assigned to a person designated by Beatty. The error, therefore, arose from a supposition that the assignment was in payment by Jackson of Beatty’s debt, and that such a payment would naturally be made only on the footing of an assumption of that debt; whereas it is evident, from the very nature of the transaction, that Jackson made the transfer in payment of his own debt, without intending to entangle himself in the liability of Beatty to Crawford. In the absence, then, of an express guarantee of the judgment to Crawford, his liability on original grounds alone could be set up against him, and consequently only by Beatty. If, however, the debt from Lambert, was lost by the fault of Crawford, he would be precluded from having recourse to any one, and the liability of all parties would be discharged; and this part of the case was submitted to the jury on its true grounds; but, on the other point, I *169 am of opinion .there is error in putting the case to the jury, on the ground of an indebtedness from the defendant to the plaintiff.
Judgment reversed, and a venire/acias de novo, awarded.